

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRADFORD J. SARVAK, | No.    18-73296 |
| Petitioner-Appellant, | Tax Ct. No. 30150-15 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted February 11, 2020**
Pasadena, California

Before:  BYBEE, COLLINS, and BRESS, Circuit Judges.

Appellant Bradford Sarvak appeals the tax court's impositions of accuracy-

related penalties under 26 U.S.C. § 6662(a) for substantial understatement of his

income in the 2011 and 2012 tax years.  He contends that he acted with reasonable

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cause and in good faith, entitling him to an exception to penalties under 26 U.S.C. § 6664(c). We review for clear error, *Hansen v. Comm'r*, 471 F.3d 1021, 1028 (9th Cir. 2006), and affirm.

"Reliance on professional advice may establish reasonable cause and good faith." *DJB Holding Corp. v. Comm'r*, 803 F.3d 1014, 1029–30 (9th Cir. 2015) (citing Treas. Reg. § 1.6664-4(b)(1)). To show reliance on professional advice was reasonable, a taxpayer must show: "(1) The adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment." *Id.* at 1030 (quoting *Neonatology Assocs., P.A. v. Comm'r*, 115 T.C. 43, 99 (2000)).

With respect to the claimed bad-debt deduction for the 2011 tax year, Sarvak failed to prove that he provided all necessary and accurate information to his accountants. In reaching this conclusion, the tax court pointed to the discrepancy between Sarvak's testimony that he did not know that the debts were uncollectable until 2012 and his accountants' treatment of that debt on his 2011 return. It was not clear error for the tax court to find that penalties should be imposed based on Sarvak's claimed bad-debt deduction on that basis. *See Hansen*, 471 F.3d at 1028 (under clear error review, the court "must uphold the tax court's finding unless [it

2

is] left with the definite and firm conviction that a mistake has been committed") (internal quotation marks omitted).

With respect to the unreported capital gains for the 2011 and 2012 tax years, the tax court pointed to the wholesale lack of support for the view that Sarvak had direct liability to Emery's creditors so as to establish that Sarvak "had debt basis." The tax court did not err in concluding that Sarvak failed to carry his burden to show that he acted with reasonable cause and good faith in subscribing to returns taking this unsupported—and objectively unreasonable—position. And while reliance on professional advice is a defense to penalties, to show that Sarvak relied on any such advice in good faith, he needed to show that his accountants did more than simply prepare returns with no input or consultation from Sarvak. *See DJB Holding*, 803 F.3d at 1030. Sarvak failed to make this showing and it was not clear error for the tax court to impose penalties as a result.

AFFIRMED.